UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA BRIAN RANDOLPH,

      Plaintiff,

v.                         Case No.  8:09-cv-2152-T-33AEP

BARRY COHAN, PAULA WHITE,
and WITHOUT WALLS INTERNATIONAL
CHURCH,

      Defendants.
_____/


**ORDER**

    This cause comes before the Court on Plaintiff's Motion
Requesting Appeal Be Heard Before Open Court.  (Doc. # 13).  For
the reasons explained below, the motion is due to be denied.

**I.  Background**

    On October 22, 2009, Plaintiff, proceedings pro se, filed a
complaint against three defendants – Barry Cohan, Paula White, and
Without Walls International Church ("the Church").  (Doc. # 1).
The complaint has very little organization and is simply a one-
paragraph narrative by Plaintiff.  Specifically, Plaintiff states
that Defendants made untrue statements in the media regarding him
impersonating others in emails and phone messages and that these
statements could damage his reputation.  Additionally, Plaintiff
identifies Cohan as the Church's attorney and alleges that Cohan
made such statements to the St. Petersburg Times newspaper.
Plaintiff also makes the vague assertion that these statements are

related to a racial discrimination case filed in this Court.

Thereafter, on January 27, 2010, Plaintiff filed a motion to proceed in forma pauperis. (Doc. # 6). On February 1, 2010, the magistrate judge issued an order on the motion to proceed in forma pauperis, in which he pointed out several deficiencies in Plaintiff's complaint, including the failure to include facts showing that this Court had subject matter jurisdiction. (Doc. # 10). The magistrate judge also noted that Plaintiff failed to completely fill out the affidavit of indigency. (Doc. # 10). As a result, the magistrate judge stated that he would withhold ruling on the motion until Plaintiff had an opportunity to file an amended complaint that cured the identified deficiencies and an amended affidavit of indigency that was completed in its entirety. (Doc. # 10). The magistrate judge gave Plaintiff until February 19, 2010 to file these documents and warned Plaintiff that failure to do so would result in him recommending that the case be dismissed. (Doc. # 10).

On February 22, 2010, the magistrate judge issued a Report and Recommendation, in which he recommended that the motion to proceed in forma pauperis be denied and that the Court should dismiss this case due to Plaintiff's failure to file the requested documents by February 19, 2010. (Doc. # 11). The Report and Recommendation advised Plaintiff that he had fourteen days to object to it. Plaintiff did not file a timely objection thereto.

On March 15, 2010, this Court adopted the Report and Recommendation and dismissed the case. (Doc. # 12). Almost a month later, on April 8, 2010, Plaintiff filed the instant motion.

## II.  Motion for Appeal

In the instant motion, which Plaintiff titles, "Motion Requesting Appeal Be Heard Before Open Court," Plaintiff makes three arguments against this Court's dismissal of his case. However, as explained below, none of his arguments have any merit, and it is unclear as to what specific relief he is seeking.

Plaintiff first argues that he was not given enough time to comply with the magistrate judge's February 1, 2010 order directing him to file an amended complaint and amended affidavit of indigency. This case was not dismissed until March 15, 2010, and the Court is not persuaded that a month-and-a-half is insufficient time in which to respond to a Court's order.

Next, Plaintiff argues that he was unable to comply with the magistrate judge's order because he was incarcerated and did not have access to his mail. However, Plaintiff fails to identify the exact period during which he was incarcerated so that the Court can properly evaluate this argument. This Court will not simply assume that Plaintiff was incarcerated for the entire period between the magistrate judge's February 1, 2010 order and this Court's March 15, 2010 order of dismissal.

Next, Plaintiff argues that it was unfair for this Court to change the magistrate judge assigned to this case, which occurred on January 28, 2010. (Doc. # 8). However, Local Rule 1.04(b) empowers this Court to reassign related cases to the judge assigned to the first-filed among the related cases. In this instance, Judge Porcelli was assigned as the magistrate judge in a prior related case[1], and as such, it was appropriate to reassign him as the magistrate judge in this case. Furthermore, Plaintiff does not explain how the change of magistrate judge in this case affected him in any way.

Finally, it is unclear to the Court as to what specific relief Plaintiff is requesting and/or under what authority he makes the request. This Court is not empowered to set a hearing in which Plaintiff can appeal this Court's orders. If Plaintiff wants to appeal this Court's orders, he must do so according to the Federal Rules of Appellate Procedure.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion Requesting Appeal Be Heard Before Open Court (Doc. # 13) is **DENIED**.

---

[1]The related case is 8:09-cv-2066-T-33AEP, and that is the race discrimination case to which Plaintiff refers in his complaint in the instant case.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of June, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Parties and Counsel of Record